UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

JESHON BINGHAM, et al.,

*Defendants.*

**Protective Order**

**26 Cr. 487 (KMK)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**Categories**

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification

of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

5. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendants, except for any personnel for whose conduct defense counsel is responsible.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

6. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

7. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

a. The defendants;

b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

c. Prospective witnesses for purposes of defending this action.

8. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of the defendants' counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendants, their counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

9. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO

Case 7:26-cr-00487-UA Document 33-1 Filed 10/29/26 Page 4 of 13

Material with any other persons, including the defendants, except for any personnel for whose conduct defense counsel is responsible.

10. **Restrictions on Use of Artificial Intelligence Tools to Process Disclosure Materials.**

a. "AI tool" means any automated system that uses machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise. "AI tool" does not include (i) software that operates entirely on systems controlled by the defense, such that no Disclosure Materials are transmitted to any third party; or (ii) standard office, communication, legal-research, or litigation-support software by reason of embedded assistive features such as spelling or grammar correction, text completion, search, optical character recognition, or document ranking and classification, provided that no Disclosure Material is transmitted to any third party.

b. The defense team will not submit Disclosure Materials to a consumer (i.e., non-commercial) version of an AI tool meaning a version offered to individuals under consumer terms of service rather than to organizations and professionals under commercial or enterprise terms. The defense team will not submit Disclosure Materials to an AI tool (e.g., OpenAI, Anthropic, Microsoft, Google) under terms or account settings that permit use of submitted data for its own model training, allows submitted data to be publicly accessed, discloses submitted data to third parties, or, except as specified below, retains submitted data. Such AI tools pose unique risks to the security and integrity of Disclosure Materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

c. The defense may submit Disclosure Materials to an AI tool provided that defense counsel has taken reasonable steps to confirm that (i) the AI tool maintains the confidentiality of Disclosure Materials; (ii) the AI tool will not expose any Disclosure Materials to third parties not authorized under this Protective Order to receive such materials except as required by law; (iii) the AI tool will not retain or use any Disclosure Materials for model training; and (iv) the AI tool permits deletion of submitted data. At the conclusion of this case, the defense will delete Disclosure Materials from its accounts with any such AI tool or request their deletion, consistent with paragraph 14.

**Other Provisions**

11. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but, except to the extent provided otherwise below, shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

12. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall

be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

14. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

**Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney

by: ______________________________ Date: 10/26/2026

David A. Markewitz
Christopher Morel
Assistant United States Attorneys

Jill R. Shellow Digitally signed by Jill R. Shellow Date: 2026.10.28 06:55:27 -04'00'

Jill Shellow, Esq.
Counsel for Jeshon Bingham

Date: 28 October 2026

____________________________

Dan Hochheiser, Esq.
Counsel for Rupertt Sherrir

Date: ____________________

____________________________

James Neuman, Esq.
Counsel for Floyd Forrest

Date: ____________________

____________________________

Bruce Koffsky, Esq.
Counsel for Mikhail Davis

Date: ____________________

____________________________

Ted Green, Esq.
Counsel for Juzan Spence

Date: ____________________

____________________________

Howard Tanner, Esq.
Counsel for Chavaughn Boothe

Date: ____________________

____________________________

Dan McGuinness, Esq.
Counsel for Michelle Hylton

Date: ____________________

SO ORDERED:

Dated: White Plains, New York
October 29, 2026

____________________________

THE HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

______________________ Date: ______________________

Jill Shellow, Esq.
Counsel for Jeshon Bingham

______________________ Date: 10/26/2026

Dan Hochheiser, Esq.
Counsel for Rupertt Sherrir

______________________ Date: ______________________

James Neuman, Esq.
Counsel for Floyd Forrest

______________________ Date: ______________________

Bruce Koffsky, Esq.
Counsel for Mikhail Davis

______________________ Date: ______________________

Ted Green, Esq.
Counsel for Juzan Spence

______________________ Date: ______________________

Howard Tanner, Esq.
Counsel for Chavaughn Boothe

______________________ Date: ______________________

Dan McGuinness, Esq.
Counsel for Michelle Hylton

SO ORDERED:

Dated: White Plains, New York
October 29 2026

______________________
THE HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

________________________ Date: ____________________
Jill Shellow, Esq.
Counsel for Jeshon Bingham

________________________ Date: ____________________
Dan Hochheiser, Esq.
Counsel for Rupertt Sherrir

James Neuman Date: 10/26/2026
James Neuman, Esq.
Counsel for Floyd Forrest

________________________ Date: ____________________
Bruce Koffsky, Esq.
Counsel for Mikhail Davis

________________________ Date: ____________________
Ted Green, Esq.
Counsel for Juzan Spence

________________________ Date: ____________________
Howard Tanner, Esq.
Counsel for Chavaughn Boothe

________________________ Date: ____________________
Dan McGuinness, Esq.
Counsel for Michelle Hylton

SO ORDERED:

Dated: White Plains, New York
October 29, 2026

THE HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE



2026.08.18

____________________ Date: ________________
Jill Shellow, Esq.
Counsel for Jeshon Bingham

____________________ Date: ________________
Dan Hochheiser, Esq.
Counsel for Rupertt Sherrir

____________________ Date: ________________
James Neuman, Esq.
Counsel for Floyd Forrest

____________________ Date: 10/26/26
Bruce Koffsky, Esq.
Counsel for Mikhail Davis

____________________ Date: ________________
Ted Green, Esq.
Counsel for Juzan Spence

____________________ Date: ________________
Howard Tanner, Esq.
Counsel for Chavaughn Boothe

____________________ Date: ________________
Dan McGuinness, Esq.
Counsel for Michelle Hylton

SO ORDERED:

Dated: White Plains, New York
October 29, 2026

____________________________
THE HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE



2026.08.18

________________________ Date: __________________
Jill Shellow, Esq.
Counsel for Jeshon Bingham

________________________ Date: __________________
Dan Hochheiser, Esq.
Counsel for Ruppertt Sherrir

________________________ Date: __________________
James Neuman, Esq.
Counsel for Floyd Forrest

________________________ Date: __________________
Bruce Koffsky, Esq.
Counsel for Mikhail Davis

________________________ Date: October 26, 2026
Ted Green, Esq.
Counsel for Juzan Spence

________________________ Date: __________________
Howard Tanner, Esq.
Counsel for Chavaughn Boothe

________________________ Date: __________________
Dan McGuinness, Esq.
Counsel for Michelle Hylton

SO ORDERED:

Dated: White Plains, New York
October 29, 2026

____________________________
THE HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE



2026.08.18

____________________ Date: ________________
Jill Shellow, Esq.
Counsel for Jeshon Bingham

____________________ Date: ________________
Dan Hochheiser, Esq.
Counsel for Rupertt Sherrir

____________________ Date: ________________
James Neuman, Esq.
Counsel for Floyd Forrest

____________________ Date: ________________
Bruce Koffsky, Esq.
Counsel for Mikhail Davis

____________________ Date: ________________
Ted Green, Esq.
Counsel for Juzan Spence

____________________ Date: 10/26/26
Howard Tanner, Esq.
Counsel for Chavaughn Boothe

____________________ Date: ________________
Dan McGuinness, Esq.
Counsel for Michelle Hylton

SO ORDERED:

Dated: White Plains, New York
October 29, 2026

____________________
THE HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE



2026.08.18

____________________ Date: ________________
Jill Shellow, Esq.
Counsel for Jeshon Bingham

____________________ Date: ________________
Dan Hochheiser, Esq.
Counsel for Rupertt Sherrir

____________________ Date: ________________
James Neuman, Esq.
Counsel for Floyd Forrest

____________________ Date: ________________
Bruce Koffsky, Esq.
Counsel for Mikhail Davis

____________________ Date: ________________
Ted Green, Esq.
Counsel for Juzan Spence

____________________ Date: ________________
Howard Tanner, Esq.
Counsel for Chavaughn Boothe

____________________ Date: 10/27/2026
Dan McGuinness, Esq.
Counsel for Michelle Hylton

SO ORDERED:

Dated: White Plains, New York
October 29, 2026

________________________
THE HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE



2026.08.18